**Opinion issued February 27, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00820-CR

———————————

**GERRY DWAYNE DICKENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case No. 69694**

---

## MEMORANDUM OPINION

Appellant, Gerry Dwayne Dickens, pleaded guilty to the felony offense of unauthorized use of a vehicle.[*] The trial court found Dickens guilty and, in accordance with the terms of his plea bargain agreement with the State, sentenced

---

[*] *See* TEX. PENAL CODE ANN. § 31.07 (West Supp. 2013).

him to confinement for 200 days in the Brazoria County Jail. Acting *pro se*, Dickens filed a notice of appeal. We dismiss the appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant did not appeal any pre-trial matters, and the trial court did not give permission for appellant to appeal. The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss appellant's motion for an extension of time to file his appellant's brief as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).